IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-117-2H
No. 5:16-CV-266-H

JOSE JAIME ROMERO-LOPEZ,  )
    Petitioner,  )
                         )
                         )
v.                     )        **ORDER**
                         )
                         )
UNITED STATES OF AMERICA  )
    Respondent.  )

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss. Petitioner has responded to the government's motion. This matter is ripe for adjudication.

On October 6, 2014, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. On May 13, 2015, this court sentenced petitioner to a term of imprisonment of 121 months, which represented a 14-month downward variance from the low end of the guidelines and a sentence only one month greater than the mandatory

minimum. Petitioner did not appeal. On May 16, 2016, petitioner filed the instant motion to vacate, raising two claims of ineffective assistance of counsel. First, he argues counsel was ineffective for improperly inducing him to plead guilty with the promise he would receive a seven-year sentence. Second, petitioner argues counsel was ineffective for failing to argue for a sentence below the ten-year mandatory minimum based on proposed legislation to reduce certain mandatory sentences for federal drug offenses.

The court has carefully reviewed petitioner's motion, the government's motion to dismiss and supporting memorandum, and petitioner's response to the government's motion. The court finds the government's motion and memorandum are well reasoned and proper in this matter. For the reasons stated in the government's memorandum, the court finds petitioner has failed to state a claim upon which relief may be granted, specifically that he has failed to state a claim for ineffective assistance of counsel. Therefore, the § 2255 motion fails.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE #161] is GRANTED, and petitioner's § 2255 motion [DE #149 and #152] is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28

2

U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 15TH day of November 2017.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26